**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Kim Evette Tolbert, | Case No. 2:23-cv-01996-JAD-BNW |
| Plaintiff, | **ORDER** |
| v. | |
| Judge Diana Sullivan, et al., | |
| Defendants. | |

Plaintiff brings suit against several defendants alleging they violated several constitutional rights. Plaintiff paid the filing fee. ECF No. 3. At the time she filed the complaint she was incarcerated. In turn, the Court screens Plaintiff's complaint (ECF No. 1-1). *Olivas v. Nevada ex rel. Dep't of Corr.*, 856 F.3d 1281, 1284 (9th Cir. 2017) (holding screening is proper if plaintiff was incarcerated at the time the complaint was filed).

**I.    Analysis**

    **A.    Screening standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[ ] to state a claim on which relief may be granted," or that "seek[ ] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that

each defendant personally participated in the deprivation of Plaintiff's rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678–79; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" fall short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

Lastly, Plaintiff's complaint alleged the violation of constitutional rights. Section 1983 does not create any substantive rights but provides a method for enforcing rights contained in the Constitution or federal statutes. *Crowley v. Nev. ex. rel. Nev. Sec'y of State*, 678 F.3d 730, 734 (9th Cir. 2012).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

### B. Screening the Complaint

Plaintiff names several defendants in her complaint: Judge Diana Sullivan, Judge Nadia Woods, Judge Cristy Craig, the Public Defender's Office, and the District Attorney's Office. Her complaint is divided into three claims.

The first claim alleges violations under the First, Fifth, Sixth, and Fourteenth Amendment, "Kidnapping (false imprisonment)" and Fraud on Court. Her second claim alleges violations under "US Mail Fraud" and "due process rights." Her third claim alleges violations under the Eighth and Fourteenth Amendment.

There are several problems with her complaint. First, the complaint only provides conclusory allegations. That is, her complaint does not provide facts to support each of her

conclusions. Moreover, it is very confusing ad she switches from conclusion to conclusion without providing much context for her allegations. Lastly, she does not explain which defendant is responsible for each of the allegations. In short, even liberally construing Plaintiff's complaint, it does not state sufficient factual allegations about the underlying dispute and the defendants' role in the matter to state a claim. As a result, the Court dismisses the complaint without prejudice and with leave to amend.

If Plaintiff chooses to file an amended complaint, the document must be titled "Amended Complaint." The amended complaint must contain a short and plain statement describing the underlying case and each of the defendants' involvement in the case. *See* Fed. R. Civ. P. 8(a)(2). That is, she must provide facts for the alleged unconstitutional conduct that took place on each of the dates in question and explain how each defendant is involved in each claim. Although the Federal Rules of Civil Procedure adopt a flexible pleading standard, Plaintiff still must give each defendant fair notice of his claims against it and of Plaintiff's entitlement to relief.

Next, when amending her complaint, Plaintiff should consider whether the judges named as defendants will be immune from suit. Judges functioning in their official capacity generally are entitled to absolute immunity from suit. *Brown v. California Dep't of Corr.*, 554 F.3d 747, 750 (9th Cir. 2009). Judicial immunity is subject to certain limitations: "[j]udges are not immune from suit where (1) their actions do not constitute a judicial act, and (2) they have acted in the 'clear absence of all jurisdiction.'" *Wilson v. Ayers*, No. 2:07-CV-01283-LRH-LRL, 2009 WL 1940102, at *2 (D. Nev. July 7, 2009). "To determine if a given action is judicial . . . , courts focus on whether (1) the precise act is a normal judicial function; (2) the events occurred in the judge's chambers; (3) the controversy centered around a case then pending before the judge; and (4) the events at issue arose directly and immediately out of a confrontation with the judge in his or her official capacity." *Ashelman v. Pope*, 793 F.2d 1072, 1075–76 (9th Cir. 1986).[1]

---

[1] There may be other problems with the complaint, but the Court will wait until it has a better understanding of her allegations to address them.

Lastly, Plaintiff is advised that if she files an amended complaint, the original complaint (ECF No. 1-1) no longer serves any function in this case. As such, the amended complaint must be complete in and of itself without reference to prior pleadings or other documents. The Court cannot refer to a prior pleading or other documents to make Plaintiff's amended complaint complete.

## II.     CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's complaint is dismissed without prejudice.

**IT FURTHER ORDERED** that the Clerk of Court must detach and separately file Plaintiff's complaint (ECF No. 1-1).

**IT IS FURTHER ORDERED** that if Plaintiff wishes to file an amended complaint, she must do so by October 16, 2024. Failure to comply with this order will result in a recommendation that this case be dismissed.

DATED: September 16, 2024

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE