UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| Kim Evette Tolbert, | Case No. 2:23-cv-01996-JAD-BNW |
| Plaintiff, | |
| v. | **ORDER ADOPTING REPORT AND RECOMMENDATION** |
| Judge Diana Sullivan, et al., | |
| Defendants. | ECF No. 11 |

On 2/20/25, the magistrate judge entered this report and recommendation [ECF No. 11]:

In mid-September, this Court dismissed Plaintiff's complaint without prejudice and gave her until October 16, 2024, to file an amended complaint. ECF No. 5. In that order, this Court warned Plaintiff that failure to comply "will result in the recommendation that this case be dismissed." *Id.* Two weeks after the deadline to file her amended complaint, Plaintiff moved for an extension of time, which this Court granted. ECF Nos. 8 and 9. This Court gave her until December 4, 2024, to file her amended complaint. ECF No. 9. After that deadline came and went, this Court gave Plaintiff yet another extension. ECF No. 10. It warned Plaintiff that if she did not file her amended complaint by January 29, 2025, her case may be dismissed. Plaintiff has neither filed an amended complaint by that deadline nor moved for an extension of time to do so. As a result, this Court recommends that this case be dismissed without prejudice and closed.

The law permits a district court to dismiss an action based on a party's failure to prosecute his case or comply with a court order. *See Hells Canyon Preservation Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); s*ee also Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint). In determining whether to dismiss an action, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their

1  merits; and (5) the availability of less drastic alternatives. *In re Phenylpropanolamine Prod. Liab.*
2  *Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128,
3  130 (9th Cir. 1987)).

4      The first two factors, the public's interest in expeditiously resolving this litigation and the
5  court's interest in managing its docket, weigh in favor of dismissal of Plaintiff's claims. The
6  third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a
7  presumption of injury arises from the occurrence of unreasonable delay in filing a pleading
8  ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th
9  Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—
10  weighs against dismissal.

11      The fifth factor requires the court to consider whether less drastic alternatives can be used
12  to correct the party's failure that brought about the court's need to consider dismissal. Courts
13  "need not exhaust every sanction short of dismissal before finally dismissing a case, but must
14  explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th
15  Cir. 1986). Because this action cannot proceed without an operative complaint, the only
16  alternative is to enter a fourth order directing Plaintiff to file an amended complaint. The
17  circumstances here do not indicate that Plaintiff needs additional time nor is there evidence that
18  she did not receive the court's prior orders. Setting another deadline is not a meaningful
19  alternative given these circumstances. So, the fifth factor favors dismissal.

20      In balance, the factors above favor a recommendation of dismissal. *See Hernandez v. City
21  of El Monte*, 138 F.3d 393 (9th Cir. 1998) (holdings dismissal is proper where least four factors
22  support dismissal or where at least three factors "strongly" support dismissal).

23  / /
24  / /
25  / /
26  / /
27  / /
28  / /

IT IS THEREFORE **RECOMMENDED that THIS ACTION BE DISMISSED** for failure to file an amended complaint by the court-ordered deadline.

**ORDER**

The deadline for any party to object to this recommendation was 3/6/25, and no party filed anything or asked to extend the deadline to do so. "[N]o review is required of a magistrate judge's report and recommendation unless objections are filed." *United States v. Reyna-Tapia,* 328 F.3d 1114, 1121 (9th Cir. 2003). Having reviewed the report and recommendation, I find good cause to adopt it, and I do. IT IS THEREFORE ORDERED that the Magistrate Judge's Report and Recommendation **[ECF No. 11] is ADOPTED** in its entirety, **this case is DISMISSED**, and the Clerk of Court is directed to **CLOSE THIS CASE**.

_____
U.S. District Judge Jennifer A. Dorsey
Dated: March 10, 2025